THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QUENTIN STEVENS,

          Plaintiff,

    v.

JEHOVAH WITNESS.ORG *et al.*,

          Defendants.

CASE NO. C19-2087-JCC

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On January 3, 2020, United States Magistrate Judge Michelle L. Peterson granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 4.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. Federal Rule of Civil Procedure 8 provides that, in order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Conclusory allegations of law and unwarranted factual inferences are not sufficient to state a

claim. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Dismissal is appropriate if a complaint fails to put forth "a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff's complaint does not contain grounds showing that he is entitled to relief. (*See* Dkt. No. 5.) Plaintiff names Jehovah Witness.org and Watchtower as Defendants. (*Id.* at 2.) Plaintiff checks the box for federal question as the basis for the Court's jurisdiction, but Plaintiff does not identify any specific federal statute, federal treaty, or constitutional provision at issue in this case. (*Id.*) Plaintiff alleges that for the past eight years, Defendants used him, including his personal and hospital records, without his knowledge for their financial gain. (*Id.* at 3–5.) Plaintiff requests as relief all the donations Defendants have accumulated based on improper use of his personal records. (*Id.* at 5.) In order to state a cognizable claim for relief, Plaintiff must identify the laws or statutes upon which his claim is based. He also must submit a short and plain statement of the alleged misconduct, supported by specific facts.

Although the Court finds that the complaint fails to state a claim upon which relief can be granted, it will not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, the Court ORDERS that Plaintiff file an amended complaint no later than 21 days from the date of this order. In his amended complaint, Plaintiff must provide the Court with a short and plain statement of his claim and its legal basis, supported by facts.

DATED this 16th day of January 2020.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk

MINUTE ORDER
C19-2087-JCC
PAGE - 2